**UNITED STATES of America**

v.

**Richard Edward HENKEL and Lawrence Paul Windsor.**

**Crim. A. No. 69–236.**

United States District Court,
W. D. Pennsylvania.

Jan. 28, 1971.

Richard L. Thornburgh, U. S. Atty. by Kathleen K. Curtin, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

David O'Hanesian, of Forsyth, Fowkes & O'Hanesian, Pittsburgh, Pa., for defendant, Richard Edward Henkel.

MEMORANDUM AND ORDER

MARSH, Chief Judge.

On December 28, 1969, the defendant, Richard Edward Henkel, was arrested

---

by agents of the FBI for robbery of the Keystone Bank for which he had been indicted at the above criminal number on November 7, 1969. The arrest took place at Holiday Inn, West Mifflin, Pennsylvania. Certain articles of personal property were taken from him by the agents. According to the docket,[1] on March 23, 1970, Henkel presented a motion to suppress physical evidence; on April 9, 1970, after hearing, Judge Weber directed that "all materials seized on 12/28/69 at Holiday Inn, be returned forthwith except 1 hair piece."

Subsequently, on August 24, 1970, Henkel, by his attorney, filed another motion for return of personal property alleging that at the time of his arrest he "had as an item of his own personal property $407.50 worth of United States Savings Stamps" which stamps "were taken by Officer Fred Molzer, a member of the West Mifflin Borough Police Department", and "on December 29, 1969 Officer Molzer turned said savings stamps over to Robert C. MacBrair, a Postal Inspector for the United States Post Office Department". The motion alleged that at the hearing on March 11, 1970 (according to the docket the hearing was held April 9, 1970) "members of the Federal Bureau of Investigation had no knowledge of said savings stamps. That future [sic] investigation has revealed that the Postal Inspector referred to above is the party who received possession of said stamps from Officer Molzer."

The defendant requested only that the Postal Inspector return the stamps, "or the monetary equivalent" to him. No request was made to suppress the stamps as evidence in any criminal prosecution.

A show cause order was served by mail upon the United States Attorney and the Postal Inspector.

No answers were filed by the United States, the Post Office Department or the Postal Inspector.

Presumably, Henkel's motion was filed pursuant to Rule 41(e), Fed.R.Crim.P. However, since no request was made to suppress the savings stamps as evidence prior to the trial of the Keystone Bank robbery, an evidentiary hearing was not held prior to or at that trial.

On January 5, 1971, an evidentiary hearing was held on the motion. At the hearing it was not proved by Henkel that any FBI agent or other representative of the United States committed any unlawful act in connection with the taking of the stamps from Henkel's possession. It was not shown that the savings stamps were, are or will be evidentiary material in any criminal prosecution completed, on appeal or pending against Henkel.

From the testimony, I find as a fact that Henkel was arrested by agents of the FBI on December 28, 1969 at Holiday Inn, West Mifflin, and that $415.50 worth of United States Savings Stamps in denominations of 10 cents and 25 cents were taken from his possession.[2]

Henkel did not prove by direct evidence that the stamps were taken from his possession by Officer Molzer as alleged in the motion. However, from the hearsay evidence of Postal Inspector MacBrair, to which no objection was made, I find that the stamps taken from Henkel's possession were given to the Inspector by the West Mifflin Police Department, not on December 22, 1969, as the Inspector testified (Tr., p. 25), but subsequent to December 28, 1969, the date of the arrest.

On June 22, 1969, the West Mifflin Post Office was forcibly entered and

1. Henkel was convicted by a jury of robbing the Keystone Bank of some $80,000 on September 29, 1970, and was sentenced the same day. He appealed and the record is in possession of the Court of Appeals.

2. From Henkel's demeanor, attitude and answers on the witness stand, I do not believe his testimony that he purchased the stamps involved.

burglarized of, inter alia, $670 of United States Savings Stamps; $640 of these stamps were in denominations of 10 cents and 25 cents. Henkel was suspected of this burglary, but there is no proof that he was the burglar.

From the evidence I cannot find that the stamps taken from Henkel's possession were the stamps stolen from the West Mifflin Post Office.

Postal Inspector MacBrair retained the stamps until April, 1970, at which time they were destroyed in accordance with instructions of the Post Office Department.[3] Neither the Inspector nor the Post Office Department received notice that Henkel claimed ownership of the stamps until after Henkel's motion of August 24, 1970 was filed.

Assuming that the stamps were the property of Henkel, since they have been destroyed, I cannot order the Postal Inspector to return them to Henkel as provided by Rule 41(e). Nor does that Rule provide for entry of a judgment against anyone for the value of the stamps. The motion does not allege that the stamps were unlawfully taken from Henkel's possession by any agent or representative of the United States or Post Office Department. If Henkel is entitled to recover the value of his stamps, the burden is on him to find the right court, the right remedy and the right defendant to sue. *Cf.* Bartlett v. United States, 317 F.2d 71 (9th Cir. 1963), cert. denied, 375 U.S. 847, 84 S.Ct. 102, 11 L. Ed.2d 75 (1963). I hold he cannot recover their value pursuant to his motion before the court.

This decision, of course, is without prejudice to the right of Henkel to initiate any appropriate legal proceedings to recover a judgment for the value of the stamps.

An appropriate order will be entered.

---

3. According to the Inspector, burglarized stock which is recovered is destroyed by a burning committee, and the Postmaster is given credit for the amount of stamps destroyed.